COLONIAL REALTY CORPORATION, Plaintiff-Appellant,

v.

John MacWILLIAMS, Jr., et al., Defendants-Appellees.

No. 596, Docket 74–2280.

United States Court of Appeals, Second Circuit.

Argued March 20, 1975.

Decided March 20, 1975.

William E. Haudek, New York City (Pomerantz, Levy, Haudek & Block, New York City, on the brief, Richard M. Meyer, A. Arnold Gershon, New York City, of counsel), for plaintiff-appellant.

Simon H. Rifkind, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief, Morris B. Abram, Richard A. Mescon, Julie Kitzes Herr, New York City, of counsel), for defendants-appellees.

Before KAUFMAN, Chief Judge, SMITH, Circuit Judge, and MacMAHON, District Judge.*

PER CURIAM:

■ This case was affirmed in open court. In order to afford our decision precedential value,[1] however, and conclu-

---

* Of the Southern District of New York, sitting by designation.

1. Rule § 0.23 of the United States Court of Appeals for the Second Circuit provides in pertinent part:

. . . . .

Where a decision is rendered from the bench, the court may deliver a brief oral statement . . . Since these statements do not constitute formal opinions of the court and are unreported and not uniformly

sively to resolve this question within our circuit, we issue this brief per curiam. We affirm for the reasons stated in open court by Chief Judge Kaufman,[2] and in Judge Gurfein's opinion below, 381 F.Supp. 26 (S.D.N.Y.1974).

available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court.

2. The statement delivered from the bench was as follows:

We agree with Judge Gurfein that the rule announced in Stella v. Graham-Paige Motors Corp. [132 F.Supp. 100 (S.D.N.Y.1955), remanded on other grounds, 232 F.2d 299 (2d Cir.), cert. denied, 352 U.S. 831, 77 S.Ct. 46, 1 L.Ed.2d 52 (1956)]—that transactions occurring on January 1 and June 30 do not fall within the statutory period of "less than six months"—is dispositive of this case. That principle has not proved unworkable or difficult to apply, nor does it do any violence to the central purpose of the securities law, since the six-month requirement it implements is essentially an arbitrary legislative guidepost. Moreover, every legal research tool an investor might consult, from Professor Loss's treatise to Jennings and Marsh has cited Stella as controlling authority.

Under these circumstances, we believe that the doctrine of stare decisis is the wise policy. We do not believe that the defendants should be penalized for patterning their transactions after the formulation, announced in Stella, which has been followed for almost two decades. Accordingly, we affirm.